JUSTICE WARNER
dissents.
¶31 I dissent. The result of the Court’s decision is that the time limitations in §85-2-310, MCA, are ignored and Bostwick is left with no remedy. The concurrences of Justices Rice and Nelson recognize this result, but agree there is no remedy.
*38 ¶32 In my view, mandamus may lie in situations where the duty involved is discretionary, but the discretion has been abused to such an extent that it amounts to no exercise of discretion at all. Paradise Rainbows v. Fish and Game Commission, 140 Mont. 412, 417, 421 P.2d 717, 720 (1966). In this instance, DNRC so abused its discretion in completely ignoring the mandatory time provisions in § 85-2-310, MCA, it lost its discretion. Thus, I agree with the District Court that mandamus is an appropriate remedy and lies to require DNRC to issue the permit.
¶33 When DNRC makes the initial designation that an application for a water use permit is correct and complete, it has reached a substantive decision that the application is supported by probable and credible evidence. See § 85-2-102(8), MCA (defining “correct and complete” as “substantial credible information”); §85-2-102(22), MCA (defining “substantial credible information” as “probable, believable facts sufficient to support a reasonable legal theory upon which [DNRC] should proceed with the action requested by the person providing the information”). Section 85-2-311, MCA, provides that the criteria for granting a permit must be proven by a preponderance of the evidence. A preponderance of the evidence is evidence showing the elements at issue are more probably true than not. State v. Scarborough, 2000 MT 301, ¶ 52, 302 Mont. 350, 14 P.3d 1202, (citing 2 McCormick on Evidence §339 (4th ed. 1992)). I see no difference between “probable believable facts” and a “preponderance of the evidence.”
¶34 This parity of terms forces the conclusion that DNRC’s initial designation of an application as correct and complete is substantive and indicates that the applicant has established a prima facie case for granting a permit. When, as in this case, DNRC fails to rebut the applicant’s prima facie showing within 180 days from the date of publication,[2] its initial designation of correct and complete must stand, and a district court may require by writ of mandate that DNRC issue the permit.
¶35 Rule 36.12.1601, ARM, states that “providing correct and complete information is not necessarily the same as proving the statutory criteria.” I interpret this to mean that DNRC has an additional 180 days after its initial correct and complete designation to continue its *39 examination of the application. But within this time it must then grant, deny or condition the applied for permit. However, if the 180 days expires with no action by DNRC, its initial determination that an application is correct and complete serves as a substantive determination that the permit should issue.
¶36 As noted by the District Court, the time periods in §85-2-310, MCA, are established to provide for the orderly review and processing of applications, protect an applicant’s due process rights, and serve as a mandatory deadline by which DNRC must act after it determines that an application is correct and complete. I agree with the District Court that the language of § 85-2-310, MCA, plainly and unambiguously mandates DNRC to take some action within the designated time period. Applicants must have an enforceable method of redress to ensure DNRC does not string them along endlessly, either in a sea of litigation or in limbo waiting for DNRC to take action.
¶37 I dissent from this Court’s decision to deny Bostwick any real remedy.

 Section 85-2-310, MCA, provides different time periods within which DNRC must take action, depending on whether an objection is filed. For simplicity sake, I will use 180 days as the time period in this discussion.